IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, #K03716, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv–00932−SMY |
| | ) |
| TAMMY SMITH, | ) |
| MICHELLE NEESE, | ) |
| ROBERT LOVELL, and | ) |
| AMY BURLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ramon Clark, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims he was fired from his job as library law clerk in retaliation for filing a complaint. He requests monetary damages and injunctive relief.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Preliminary Dismissal

Plaintiff has filed a motion requesting the Court to dismiss Defendant Rachel Dodd from this action. (Doc. 5). While amending the complaint under Federal Rule of Civil Procedure 15 is generally the proper vehicle for "adding or dropping parties and claims," dismissing this defendant rather than ordering amendment of the Complaint is in the interest of judicial economy in this particular case. *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). Accordingly, Plaintiff's Motion is **GRANTED** and Defendant Dodd is **DISMISSED** without prejudice.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On December 1, 2018, Plaintiff was assigned to Robinson's law library as its law clerk. (*Id.* at p. 4). During his time in the library, Plaintiff was the only law clerk assigned to assist other inmates with legal documents and was the only inmate allowed access to the typewriter to assist others who could not write their legal documents by hand due to physical impairments or literacy problems. (*Id.* at p. 7). The librarian at Robinson expressed concerns about the amount of legal documents Plaintiff was typing for the inmates and stated she only had a few typewriter ribbons and had to save them for petitions for executive clemency. At Plaintiff's suggestion, the librarian put in a request to the educational facility administrator, Tammy Smith, asking that inmates who choose to type their documents be required to purchase their own typewriter ribbon. (*Id.* at pp. 7-8). In response to the request, Smith arbitrarily instructed the librarian to remove all typewriters. (*Id.* at p. 8). Plaintiff approached Smith about being able to use a typewriter to assist inmates with physical impairments, literacy problems, and who are non-English speaking. She denied his request and stated that the inmates "can figure it out on their own and handwrite it on their own." (*Id.* at p. 9). In the following weeks, Plaintiff was overwhelmed with dozens of requests for legal assistance and had to turn away several inmates each day because he could not write all the requested legal documents by hand. (*Id.*).

Plaintiff wrote a complaint to Connie Casey, the head of the law library departments at IDOC,

regarding his inability to meet his responsibilities as law clerk. (*Id.* at p. 10). Casey forwarded a memo to Smith regarding the complaint. On June 4, 2019, Smith fired Plaintiff in retaliation for writing the complaint. (*Id.* at p. 11). Plaintiff filed a grievance regarding the retaliatory conduct, but his grievance was denied. (*Id.* at pp. 11-12).

Based on the allegations in the Complaint, the Court designates the following Counts:

> **Count 1:** First Amendment claim against Smith, Neese, Lovell, and Burle for firing Plaintiff from his position as law clerk in retaliation for filing a complaint.
>
> **Count 2:** Fourteenth Amendment claim against Neese, Lovell, and Burle for mishandling and denying Plaintiff's grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Count 1

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir.2012); *Walker v. Thompson,* 288 F.3d 1005 (7th Cir. 2002). Count 1 will therefore proceed against Smith, who Plaintiff claims fired him from his job as a law clerk in retaliation for mailing a complaint.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes Plaintiff's claims of "future harm" to inmates. He asserts that because of the lack of law clerks and typewriters at Robinson inmates are and will be hindered from the ability to prepare legal documents. (Doc. 1, p. 17). Plaintiff, however, is only entitled to assert his own rights. *Massey v. Helman,* 196 F.3d 727, 739-40 (7th Cir. 1999). Thus, the Court will only consider the alleged harms to Plaintiff, not to the inmate population. As such, these claims are dismissed.

3

Correspondence from an inmate to "a prison administrator may ... establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). As Plaintiff alleges that Neese, Lovell, and Burle concurred in the denial of the grievance and also disregarded the unconstitutional conduct after personal "face-to-face" conversations about the retaliation (Doc. 1, pp. 12, 16), Count 1 will also proceed against Neese, Lovell, and Burle.

**Count 2**

Plaintiff claims that his grievance was not processed in accordance with grievance procedures, the allegations of retaliation contained in the grievance were not addressed, and the responses he received were unrelated to his issues. (Doc. 1, p. 16). However, inmates do not have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430. As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Additionally, the failure of prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Count 2 will therefore be dismissed with prejudice.

**<u>Official Capacity Claims</u>**

Plaintiff brings his claims against Defendants in their official and individual capacities. (Doc. 1, p. 4). To the extent Plaintiff is seeking injunctive relief, Defendant Neese, Robinson's Acting Warden, is an appropriate official capacity defendant. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Allowing Plaintiff to proceed with an official capacity claim against the remaining Defendants Smith, Lovell, and Burle would be redundant. Therefore, the official capacity claims against these defendants will be dismissed with prejudice. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (state officials named in their official capacities may not be sued for monetary damages).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall proceed against **SMITH, NEESE, LOVELL,** and **BURLE**. **COUNT 2** is **DISMISSED with prejudice**. Claims against **SMITH, LOVELL**, and **BURLE** in their official capacities are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Doc. 5) is **GRANTED.** The Clerk of Court is **DIRECTED** to terminate Defendant **RACHEL DODD** in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** the Clerk of Court shall prepare for **SMITH, NEESE, LOVELL,** and **BURLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition,

pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

      *s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**