IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-932-RJD |
| | ) | |
| TAMMY SMITH, MICHELLE NEESE, | ) | |
| ROBERT LOVELL, and AMY BURLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

Now before the Court is the Motion for an Order of Protection, which the Court construes as a Motion for Preliminary Injunction (Doc. 25).   For the reasons set forth below, the Motion is **DENIED**.

### Background

Plaintiff Ramon Clark, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson").   Plaintiff claims he was fired from his job as a library law clerk in retaliation for filing a complaint against Defendant Tammy Smith.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on a First Amendment retaliation claim against Defendants Smith, Neese, Lovell, and Burle for firing Plaintiff from his position as a law clerk in retaliation for filing a complaint.

On March 17, 2020, Plaintiff filed a motion for an order of protection (Doc. 25), which the Court construes as a motion for preliminary injunction.   In this motion, Plaintiff asks for an order of protection against Defendants Tammy Smith and Michelle Neese to prevent them from

continuing to engage in retaliatory actions.   In particular, Plaintiff asserts Nicole Dunlap, the law librarian at Robinson, sent a request for Plaintiff to be re-hired as the law library clerk, but that this request was denied by Smith and Neese due to Plaintiff's filing of this lawsuit.

In response to Plaintiff's motion, Defendants assert there is no evidence Plaintiff, or anyone else, specifically requested that he be assigned as a law library clerk.   Defendants, relying on the affidavit of Dawn Hopper, a Robinson correctional officer assigned to the Placement Office, assert that no requests have been made by Nichole Dunlap or any other IDOC employees to consider Plaintiff for a position in the law library.   Hopper also attests that Placement Officer records indicate there are only two law library clerk positions, both of which are currently filled, and, in any event, no inmates are actively working in the law library due to the COVID-19 health crisis.   For these reasons, Defendants argue Plaintiff has failed to establish a likelihood of success on the merits of his case.   Defendants also argue Plaintiff has failed to provide evidence that he would suffer irreparable harm if his request for a preliminary injunction is denied, and that granting a preliminary injunction in this instance is against the public interest.

On July 14, 2020, the Court held a hearing on Plaintiff's motion for preliminary injunction. At the hearing, Plaintiff testified that after he filed this lawsuit, there was an opening for a law clerk position at Robinson.   According to Plaintiff, the law librarian, Nichole Dunlap, asked Plaintiff if he would like to be reassigned to the law clerk position.   He advised Dunlap he would like to be reassigned, particularly because with the position he could earn good time credit. Plaintiff testified Dunlap submitted a request to the placement officer, Adam Alspach, in early March 2020, likely March 10, 2020.   Dunlap subsequently told Plaintiff he could not work in the law library because he had filed this lawsuit.   According to Plaintiff's testimony, this decision came from Defendants Smith and Neese.   Ronald Walton, an inmate and former library law clerk

at Robinson, also testified at the hearing.  Walton testified that law librarian Dunlap stated it would be a good idea to have Plaintiff return as a law library clerk.  Plaintiff heard Dunlap ask Smith about reassigning Plaintiff and was told he could not return.  Vincent George, another inmate at Robinson, also testified that he heard Dunlap tell Plaintiff she had put in a request for Plaintiff to be reassigned to the law library.  George recalled Dunlap stating that due to Plaintiff's lawsuit, Smith was not in agreement with Dunlap regarding Plaintiff's reassignment.

Placement Officer Alspach also provided testimony at the preliminary injunction hearing. Officer Alspach explained that when a request is made to place an inmate in a critical job assignment, such as a library law clerk, he receives correspondence from the supervisor for that assignment and a vote sheet is created.  A number of individuals, including the warden, must approve the inmate's vote sheet for the inmate to be able to take on the critical job assignment. However, Defendant Smith would not sign off on a vote sheet for a law library clerk.  A vote sheet is good for one year.  Alspach testified that no employee has made a request to consider Plaintiff for the law library clerk since a vote sheet was completed for Plaintiff in November 2018. Alspash testified that in late February or early March, Dunlap asked him if Plaintiff would pass a vote sheet.  He indicated Plaintiff would pass because he had previously.  Alspach testified he never received any follow-up correspondence from Dunlap.  Plaintiff inquired as to whether Alspach received any emails from Dunlap in March 2020, and Alspach denied receipt of the same. Plaintiff requested an order from this Court for the search and production of such emails, however, based on the Court's ruling, set forth below, such request is denied as unnecessary.  Alspach also testified that due to the current coronavirus pandemic, all current library employees are not currently working and no good time credit is being awarded.

### Discussion

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).  Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction.  *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).  As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."  *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*  In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held."  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)

(per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").  *See also Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally.").   A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants.   Moreover, the Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by a defendant, as a mandatory preliminary injunction.  *See Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).   Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action.  *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

Based on the evidence established at the hearing, it is apparent that the issues set forth in Plaintiff's request for a preliminary injunction are distinguishable and occurred subsequent to the actions and circumstances at issue in this lawsuit.   Although the Court recognizes some Defendants are implicated in Plaintiff's allegations in his request for preliminary injunction and there is a common issue (loss/lack of reinstatement of a library law clerk job), that alone is not sufficient to create the nexus required for the court to award injunctive relief.   Plaintiff's complaints at issue in his request for preliminary injunctive relief are better suited for the filing of a separate lawsuit.   The Court will not allow Plaintiff to, in effect, bootstrap additional claims to this lawsuit.

Further, the Court finds that even if it did entertain Plaintiff's request, he has not shown he will suffer irreparable harm absent preliminary injunctive relief.   *See Graham,* 130 F.3d at 296 ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for ….") (internal citations and quotations omitted).   Plaintiff currently has another job at his institution and, based on the testimony of Officer Alspach, current library employees are not working due to the coronavirus pandemic and are therefore not accruing any good time credit.

### Conclusion

Based on the foregoing, Plaintiff's Motion for Preliminary Injunction (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 28, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**