IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   19-cv-932-RJD |
| | ) |
| TAMMY SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Burle, Lovell, and Neese (Doc. 37). For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Ramon Clark, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center. Plaintiff claims he was fired from his job as a library law clerk in retaliation for filing a complaint regarding his work. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on the following count:

> Count One:   First Amendment claim against Smith, Neese, Lovell, and Burle for firing Plaintiff from his position as law clerk in retaliation for filing a complaint.

Defendants Burle, Lovell, and Neese argue summary judgment in their favor is appropriate because Plaintiff failed to exhaust his administrative remedies as to the claim against them. In

support of their argument, Defendants assert a search of the Administrative Review Board ("ARB") records revealed only one grievance related to Plaintiff's termination from his assignment as a law library clerk at Robinson, which did not name or mention Burle, Lovell, or Neese. In this grievance, dated June 4, 2019, Plaintiff explains that Tammy Smith fired him from his law library clerk job because of his complaint regarding the library typewriters (*see* Doc. 38-3). Plaintiff requests that Smith receive a written reprimand and that he be reassigned as the law library specialist.

This grievance was addressed by the counselor on June 18, 2019. Plaintiff sent it to the Grievance Officer, Defendant Lovell, who recommended that it be denied on July 10, 2019. The Chief Administrative Officer ("CAO"), Defendant Neese, concurred with the Grievance Officer on July 12, 2019. Plaintiff appealed the institutional response to the ARB, which denied the grievance on August 5, 2019. Defendant Burle signed the ARB's response on the behalf of the Board. The IDOC Director concurred on August 6, 2019. Plaintiff then filed this lawsuit on August 26, 2019.

Plaintiff argues this grievance exhausted his claims against Burle, Lovell, and Neese because the Prison Litigation Reform Act ("PLRA") does not require him to restart the grievance process to address claims against individuals in charge of the grievance procedure. Plaintiff asserts that the Court noted in its merit review order that Defendants' concurrence with the handling of the grievance was sufficient to establish personal liability. In his response, Plaintiff clearly states that he did not submit any additional grievances to the ARB for review prior to the filing of this lawsuit against Defendants Burle, Lovell, or Neese.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401

(7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

**<u>Discussion</u>**

Based on the record before the Court, and after consideration of the parties' arguments, the Court finds Plaintiff failed to exhaust his administrative remedies as to Defendants Burle, Lovell, and Neese prior to filing this lawsuit.

Plaintiff's retaliation claim against Defendants Burle, Lovell, and Neese is premised on their approval of the retaliatory conduct set forth in his June 4, 2019 grievance in which they denied or concurred in the denial of the same. Plaintiff also alleges he spoke with Defendant Neese regarding the alleged retaliatory conduct, but she took no action.

Plaintiff did not file a separate grievance concerning the actions of Burle, Lovell, and Neese in regards to their handling of the grievance or their approval of the alleged retaliatory action taken by Smith. Although Plaintiff asserts he was not required to submit any such grievance, the Court disagrees. The PLRA's exhaustion requirement was designed to afford prison officials a chance to address inmate complaints internally, prior to the filing of federal litigation. *See, e.g., Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (citation omitted). In other words, the purpose of the grievance is to provide prison officials a "fair opportunity" to address an inmate's complaint. *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011). Here, the prison never had the opportunity to address Plaintiff's complaints regarding Lovell, Burle, and Neese's handling of his grievance and, relatedly, their acceptance of any retaliatory conduct because he never filed any such grievance. In his response to Defendants' motion, Plaintiff conflates the language in the Court's screening order concerning personal liability with exhaustion of his administrative remedies. For clarification, although correspondence such as the June 4, 2019 grievance may be sufficient to establish a basis for personal liability under § 1983 against Defendants Burle, Lovell, and Neese, such notice does not substitute for exhaustion of

administrative remedies. Plaintiff was still required to set forth his specific complaints concerning Burle, Lovell, and Neese's actions in a grievance and follow the directives of the Illinois Administrative Code in exhausting the same.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Burle, Lovell, and Neese (Doc. 37) is **GRANTED**. Defendants Michelle Neese, Robert Lovell, and Amy Burle are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall proceed on the following claim:

> Count One:   First Amendment claim against Smith for firing Plaintiff from his position as law clerk in retaliation for filing a complaint.

**IT IS SO ORDERED.**

**DATED: November 2, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**