IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-cv-932-RJD |
| | ) | |
| TAMMY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Ramon Clark brings this action pursuant to 42 U.S.C. § 1983 against Tammy Smith alleging Smith violated his First Amendment rights for firing him from his position as a law clerk at Robinson Correctional Center in retaliation for his filing a complaint.

Plaintiff now seeks to compel Defendant Smith to provide supplemental responses to various written discovery requests. The Court has reviewed Plaintiff's motion and sets forth its ruling as follows.

**Request for Admission No. 3:**

In this request for admission, Plaintiff asks Defendant to admit or deny that "From December 1, 2018 to June 4, 2019 the plaintiff went months as the only law clerk assigned to the law library." Defendant objected to the request on the basis of relevancy, and asserts it is outside the scope of Plaintiff's claims. Subject to her objections, Defendant indicated she lacked knowledge and/or information sufficient to admit or deny the statement because she is retired from the Illinois Department of Corrections ("IDOC") and no longer has access to IDOC records.

Plaintiff asserts the information he seeks is relevant because he alleges it will establish that

he worked alone and was able to manage by himself with the resources he was provided. Plaintiff asserts he was retaliated against for filing a complaint "to Springfield" asserting that Defendant Smith had eliminated certain resources needed for inmates seeking his legal assistance, and that without said resources he was unable to assist inmates seeking his help. The Court finds that whether Plaintiff was the only law clerk assigned to the law library from December 2018 to June 2019 is not relevant to the question of whether Defendant Smith fired Plaintiff in retaliation for writing a complaint about the resources provided in the library. Defendant's objection is **SUSTAINED**.

**Request for Admission No. 6:**

In this request, Plaintiff asks that Defendant admit or deny that the "plaintiff did not violate any IDOC rules and regulations by writing Connie Casey." Defendant objects to the request to the extent it seeks a response relating to a deviation from an internal policy or departmental rule. Defendant also objected asserting the request is not relevant, proportional to the needs of the case, and not likely to lead to the discovery of admissible evidence.

In his motion to compel, Plaintiff argues this admission will support his claim that he was fired for reasons unrelated to his ability to perform his duties or violation of the same. Plaintiff also posits this admission will establish that his firing was retaliatory and did not comply with 20 ILCS 420.40.

In this instance, the Court finds the request is relevant to the claims, and proportional to the needs of the case, as it bears on the issue of the motivation for Plaintiff's firing. The Court notes that such evidence may not be admissible at trial; however, admissibility is not the question now before the Court. Accordingly, Defendants' objections are **OVERRULED**. Defendant shall respond to this admission by **August 9, 2021**.

**Request for Admission No. 9:**

In this request, Plaintiff asks that Defendant admit or deny that "Tammy Smith is the Educational Facility Administrator at Lawrence C.C." Defendant objects to this request as not relevant and outside the scope of Plaintiff's claims. Defendant explains that Plaintiff's allegations relate to Robinson Correctional Center and therefore, anything related to Lawrence is not relevant. Subject to and without waiving her objections, Defendant denies that she is currently the Educational Facility Administrator at Lawrence and is presently retired from the IDOC.

Plaintiff asserts that Smith was the Educational Facility Administrator at both Lawrence and Robinson, and this admission will provide evidence that her decision to remove typewriters for physically impaired, illiterate, and non-English speaking prisoners at Lawrence was arbitrary and not based on policy because the same decision was not made for Robinson. The Court finds this request for admission is not relevant to the issue of whether Defendant retaliated against Plaintiff by firing him for writing a complaint concerning the law library. Accordingly, Defendant's objection is **SUSTAINED**.

**Request for Admission No. 10:**

In this request, Plaintiff asks that Defendant admit or deny that "the law clerks at Lawrence C.C. have typewriters for their use." Defendant objects to this request as not relevant and outside the scope of Plaintiff's claims. Defendant explains that Plaintiff's allegations relate to Robinson Correctional Center and therefore, anything related to Lawrence is not relevant.

Plaintiff asserts that this admission is relevant because it will show that Defendant's removal of resources for prisoners at Robinson was arbitrary and discriminatory. Plaintiff explains that this admission will support his contention that the letter he wrote complaining of the

removal of typewriters to Smith's supervisor was "within reason" and the retaliatory response was not.

The Court finds this request for admission is not relevant to the issue of whether Defendant retaliated against Plaintiff by firing him for writing a complaint concerning the law library. Accordingly, Defendant's objection is **SUSTAINED**.

**Interrogatory No. 6:**

In this interrogatory, Plaintiff asks Defendant Smith to explain why she refused to provide Plaintiff with resources needed to meet the demand of offenders in need of legal assistance. Defendant objects on the basis of relevance and asserts the interrogatory is overly broad and not proportional to the needs of the case. Defendant further objects that the interrogatory is argumentative and requires the adoption of an improper assumption.

Plaintiff argues the information sought is relevant because part of his responsibilities were to be skilled at using a typewriter to assist prisoners with impairments to draft their legal documents. Plaintiff remarks that removal of the typewriters limited his ability to meet the needs of prisoners and demonstrate Smith's lack of concern. Plaintiff argues this is what prompted him to lodge his complaint about Smith.

Defendant's objection is **SUSTAINED**. It appears this interrogatory seeks information related to the merits of Plaintiff's complaint that he submitted to Springfield about issues with the law library that he alleges spurred the retaliatory action by Smith, but this need not be proven to demonstrate or meet the elements of his retaliation claim.

**Interrogatory No. 7:**

In this interrogatory, Plaintiff explains that he expressed his concerns about his inability to meet the demand of prisoners at Robinson C.C. to Connie Casey. Plaintiff asks Defendant if his

correspondence to Casey amounted to insolence.  If so, Plaintiff asks Defendant Smith if she wrote a disciplinary report against Plaintiff.

Defendant objects to this interrogatory asserting it is overbroad, irrelevant, and not proportional to the needs of the case.  Defendant also objects to the extent the interrogatory seeks a response relating to a deviation from an internal policy or departmental rule, asserting it is again irrelevant and not proportional to the needs of the case.

Plaintiff argues this interrogatory is relevant as it will provide evidence that he did not violate any disciplinary rules that caused his firing.  Plaintiff relies on 20 ILCS 420.40, which provides that a committed person may be removed from his assignment or reassigned based upon matters, including, but not limited to, the committed person's inability or incompetence in performing or completing the assignment, disciplinary reasons, the committed person's request for an assignment change, staff recommendation, security or administrative reasons.

In this instance, the Court finds the request is relevant to the claims, and proportional to the needs of the case, as it bears on the issue of the motivation for Plaintiff's firing.  Accordingly, Defendant's objection is **OVERRULED**.  Defendant shall respond to this admission by **August 9, 2021**.

**Interrogatory No. 8:**

In this interrogatory, Plaintiff writes that he was fired twenty-four hours after Defendant Smith was notified that Plaintiff filed a complaint/letter to Connie Casey.  Plaintiff writes that Smith told him she was upset about the letter and directed him to gather his personal belongings because he was fired for writing the same.  Plaintiff asks Smith to explain why he was fired for acting within his administrative and constitutional rights.

Defendant objects to this interrogatory asserting it is argumentative and requires the

adoption of an improper assumption. Plaintiff argues this interrogatory seeks information on Defendants' reason for firing Plaintiff.

In light of Plaintiff's status as a pro se litigant, the Court construes this interrogatory broadly and **DIRECTS** Defendant to do the same. Accordingly, Defendant shall provide Plaintiff with the reason he was terminated from his assignment as a law library clerk. Defendant shall provide this supplemental response by **August 9, 2021**.

**Interrogatory No. 9:**

In this interrogatory, Plaintiff asks Defendant to explain why the law clerks and law library at Lawrence C.C. have typewriters, but there are no typewriters at Robinson C.C. Plaintiff also writes, "isn't it true that [Defendant] is the Educational Facility Administrator at Lawrence C.C. too"?

Defendant asserts this interrogatory is overbroad, irrelevant, and not proportional to the needs of the case. Plaintiff asserts the information he seeks is relevant because removing typewriters from Lawrence while they are at other facilities is "blatant discrimination." Plaintiff also asserts the answer he seeks will provide information as to why the policy of removing typewriters was not implemented at other IDOC facilities.

Defendant's objection is **SUSTAINED**. The interrogatory is not relevant to the issues before the Court.

**Request for Production No. 1:**

In this request, Plaintiff asks Defendant to produce "the number of offenders at Robinson C.C. who have a T.A.B.E. score below a 6.0 and 8.0."

Defendant objects to this request asserting it is overbroad in time and scope and unduly burdensome. Defendant also asserts this request is irrelevant to whether or not Defendant Smith

retaliated against Plaintiff. Plaintiff asserts he seeks documents from either December 1, 2018 to June 4, 2019 or to present of the prisoners at Robinson who were not at the academic level of a 6th grader. Plaintiff asserts this information is relevant because his complaint alleges he was overwhelmed while a law library clerk with prisoners who had literacy problems that needed his assistance. Plaintiff argues the information sought will show that the typewriters that were removed were needed to assist illiterate inmates.

Defendant's objection is **SUSTAINED**. The Court finds the information sought is not is relevant to the claims in this case.

**Request for Production No. 2:**

In this request, Plaintiff asks that Defendant produce the number of offenders at Robinson who do not have their GED. Plaintiff writes that if Defendant is unable to produce this information, then Defendant should produce the number of offenders who were on the waiting list to attend GED classes from December 2018 to present.

Defendant objects asserting this request is overbroad in time and scope and unduly burdensome. Plaintiff argues this information will evidence the allegation in his complaint that he was "overwhelmed" with requests for legal help.

Defendant's objection is **SUSTAINED**. The Court finds the information sought is not is relevant to the claims in this case.

**Request for Production No. 3:**

In this request, Plaintiff asks that Defendant produce the number of offenders at Robinson who are medically deemed to have physical impairments/disabilities.

Defendant objects to this request asserting it is overbroad in time and scope and unduly burdensome. Defendant also asserts this request is irrelevant to whether or not Defendant Smith

retaliated against Plaintiff. Plaintiff argues this information is relevant because his job duties required him to prepare documents with a typewriter for prisoners with physical impairments and disabilities. Plaintiff asserts the discovery sought will evidence how many offenders he would need to provide assistance to, thereby substantiating his claim that he was overwhelmed with work as the only law clerk.

Defendant's objection is **SUSTAINED**. The information sought is not relevant to the claim of retaliation at issue in this case. Again, the Court finds the information sought relates to the merits of Plaintiff's complaint that he submitted to Springfield about issues with the law library that he alleges spurred the retaliatory action by Smith, but this need not be proven to demonstrate or meet the elements of his retaliation claim.

**IT IS SO ORDERED.**

**DATED: July 19, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**